# EXHIBIT A

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Erin M. Pulaski (SBN 270998); Meghan F. Loisel (SBN 291400)<br>Rudy, Exelrod, Zieff & Lowe, LLP, 351 California St., Ste 700, San Francisco, CA 94104 | |

TELEPHONE NO.: 415.434.9800     FAX NO. *(Optional):* 415.434.0513
E-MAIL ADDRESS: emp@rezlaw.com; mfl@rezlaw.com
ATTORNEY FOR *(Name):* Scott Dreier

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**03/19/2024**
**Clerk of the Court**
BY: JAMES FORONDA
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Scott Dreier v. Adobe, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **CGC-24-613235** |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Fourteen (14)
5. This case [ ] is [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 19, 2024
Erin M. Pulaski
_____
(TYPE OR PRINT NAME)

▶ *(signature)*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

ERIN M. PULASKI (SBN: 270998)
Email: emp@rezlaw.com
MEGHAN F. LOISEL (SBN: 291400)
Email: mfl@rezlaw.com
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA  94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

Attorneys for Plaintiff
Scott Dreier

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**03/19/2024**
**Clerk of the Court**
BY: JAMES FORONDA
Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

CGC-24-613235

| | |
|---|---|
| SCOTT DREIER, | Case No. _____ |
|         Plaintiff, | **COMPLAINT FOR DAMAGES** |
|      vs. | **JURY TRIAL DEMANDED** |
| ADOBE, INC.; and DOES 1 through 20, inclusive, | |
|         Defendants. | |
| _____/ | |

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

Plaintiff Scott Dreier complains and alleges as follows:

## PARTIES

1.  Plaintiff Scott Dreier is a resident of San Francisco, California.  He was an employee of Defendant Adobe Inc. from 1999 until his termination on October 13, 2023.

2.  Defendant Adobe, Inc. is a Delaware corporation headquartered in San Jose, California and doing business in the County of San Francisco.

3.  The true names and capacities of Defendants named herein as Does 1 through 20, inclusive, whether individual, corporate, associate or otherwise are unknown to Mr. Dreier, who therefore sues said Defendants by fictitious names pursuant to California Code of Civil Procedure § 474.  Mr. Dreier will amend this Complaint to show such true names and capacities of Does 1 through 20, inclusive, when they have been determined.

4.  Mr. Dreier is informed and believes, and thereon alleges, that each of the Defendants was, at all times herein mentioned, an agent and/or representative of the remaining Defendants and was acting within the course and scope of such relationship and/or was a joint employer of Mr. Dreier along with the remaining Defendants.  Mr. Dreier is further informed and believes that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining Defendants.

## JURISDICTION AND VENUE

5.  Venue is proper in this judicial district pursuant to California Code of Civil Procedure § 395.5.  Defendant Adobe has offices in and transacts business in the County of San Francisco, and is within the jurisdiction of this Court for purposes of service of process.  Plaintiff Scott Dreier worked in Adobe's San Francisco office located at 100 Hooper Street, and many of the facts alleged herein were committed by Defendant Adobe from San Francisco, California.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.  Mr. Dreier was hired by Macromedia, Inc., a company Adobe later acquired, in December 1999.  When Adobe acquired Macromedia in 2005, Mr. Dreier became an employee of Adobe.  Mr. Dreier began his career at Adobe as a Technical Architect.  Most recently, he worked as a Principal/Senior Product Manager of Adobe Sign (job code: P50) for nearly eight

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

years, between February 2016 and his abrupt firing in September 2023.  In this role, Mr. Dreier worked with software vendors to scope, guide and support modifications to their software that would enable supporting Adobe Sign directly from within their products.  He interacted with key personnel at these vendors, including their developers, architects, product managers and, often, senior management.  In other engagements, he worked with independent development teams to build integrations between the software vendor's product and Adobe Sign.  In these matters, Mr. Dreier was responsible for contracting, statements of work, daily management, timelines, and product scope.  He also oversaw similar engagements with internal Adobe developers.  Additionally, he was responsible for leading development efforts with both outside and internal engineering teams.  Mr. Dreier was a successful performer who was able to grow and drive significant transaction and revenue volume through these integrations.  In undertaking this critical work, Mr. Dreier collaborated with a broad range of stakeholders and teammates, including C-level executives, directors, engineering managers and individual developers.

7.      Unfortunately, Mr. Dreier was diagnosed with cancer in February 2022.  He began treatment shortly thereafter.  His treatment plan consisted of weekly chemotherapy infusions and taking daily prescription medication that helps the immune system to recognize and destroy cancer cells, followed by surgery, and then more chemotherapy.  Mr. Dreier informed his supervisor of his diagnosis and treatment plan in March 2022.

8.      Working on a full-time basis while also undergoing chemotherapy was a challenge.  However, Mr. Dreier remained committed to his work at Adobe.  He worked hard and successfully performed his job duties until early November 2022, when he began an approximately two-month medical leave to undergo a bone marrow transplant as part of his treatment plan.

9.      Mr. Dreier's medical leave was job-protected under the Family Medical Rights Act ("FMLA") and California Family Rights Act ("CFRA").  Accordingly, Adobe was required to return Mr. Dreier to his same or a comparable position upon his return to work.  *See* 29 U.S.C. § 2614(a) (FMLA); 29 C.F.R. § 825.214 (CFRA); 2 Cal. Code Regs. § 11043(a), (c)(1). However, the company failed to restore him to his original or an equivalent position, and then

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

targeted him for further retaliation and discrimination due to his health condition and medical leave, ultimately culminating in the termination of his twenty-three year employment.

10. Mr. Dreir returned to work following his medical leave on January 3, 2023. Almost immediately upon his return to work, Mr. Dreier experienced a stark shift in treatment by company leaders. First, in the weeks following his return Mr. Dreier came to learn that he had been removed from a key initiative that he had led for three years prior to his medical leave, a project called OEM 2.0. This was a complex and substantive project that took up approximately 40 to 50% of Mr. Dreier's time in the months leading up to his leave. It would have been easy for Mr. Dreier to get re-integrated into the project upon his return from leave—indeed, he had been working to stay abreast of project status for a significant portion of his leave. Nonetheless, his managers decided that the person who replaced Mr. Dreier as project lead during his medical leave would continue to manage it going forward. Mr. Dreier was removed from the project completely. He was blind-sided by this material change to his job. No one from Adobe solicited his feedback prior to this dramatic shift.

11. Adobe leaders promptly used Mr. Dreier's removal from the OEM 2.0 project to threaten his job. Having removed him from the highly complex initiative he had been working on for several years, his managers then criticized him for lacking a sufficiently complex project to justify his senior role. Within weeks of his return to work from leave, Mr. Dreier's managers made it clear that his job was on the chopping block if he did not secure other sufficiently "complex" projects to lead. Yet, they failed to support him in finding any new such work. In a conversation with his supervisor on January 25, 2023—mere weeks after he returned from medical leave—Mr. Dreier first expressed his concerns that he was being set up to fail by being removed from the OEM 2.0 project. His supervisor provided no meaningful response.

12. Mr. Dreier's management unfairly criticized his performance in other ways, too. They were dismissive of his important contributions to Adobe, including his work with significant partner integrations. This was a marked change in treatment towards him, as Mr. Dreier had not experienced this negative attitude from his managers previously. Shockingly, in a conversation on January 27, 2023—mere weeks following his return to work—his supervisor

3

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

informed Mr. Dreier that he would not be receiving an RSU grant that year because his 2022 performance had had "no impact." This feedback was untrue and inconsistent with the performance feedback that Mr. Dreier had received in 2022. In addition, this, too, was a material change from prior years—to his recollection, Mr. Dreier had received consistent annual RSU grants for positive performance in recent years.

13. Mr. Dreier's managers also chided him for not making sufficiently rapid progress on his projects while knowing that Mr. Dreier was still recovering from a serious surgery and was continuing to undergo bi-weekly chemotherapy infusions to treat cancer. Understandably, these ongoing health issues took a toll on Mr. Dreier and impacted the pace which he could work. Yet, to his recollection, following his return from medical leave no one at Adobe initiated an interactive process or otherwise approached Mr. Dreier to discuss whether there were reasonable accommodations that would assist him at work.

14. In a Q1 performance meeting—which took place just a few months after his return to work—Mr. Dreier was told *for the first time in his career at Adobe* that he was "not meeting the performance bar" for his level (P50). Specifically, he was told that the "throughput of projects is low compared to the benchmark" because "there were no high complexity projects that were finished in the quarter." At this point in time, it was abundantly clear to Mr. Dreier that he had a target on his back upon his return from medical leave. He documented his concerns during the performance process, stating in writing that since "coming back from medical leave [his] work has been discounted" and that "there has been negativity for taking medical time off." Mr. Dreier also expressed concern that he had been removed from "key, high impact projects" and "subjected to threats about job performance." These concerns were not meaningfully addressed.

15. The bulk of the negative performance feedback was coming from his supervisor's manager, Vamsi Vutukuru (Senior Director of Product Management, Adobe Sign), who had recently started with Adobe in October 2022. In or around April 2023, Mr. Vutukuru terminated Mr. Dreier's direct supervisor, and Mr. Dreier began reporting to Mr. Vutukuru directly. Mr. Vutukuru was well aware of Mr. Dreier's cancer diagnosis and health issues. He knew that

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1   Mr. Dreier had been on medical leave for cancer treatment, including a bone marrow transplant,

2   and that chemotherapy was ongoing.

3   16.    Mr. Vutukuru's discriminatory animus against Mr. Dreier was clear from the

4   beginning.  From the onset of his direct supervision of Mr. Dreier, Mr. Vutukuru began

5   documenting purported performance issues in a transparent effort to target Mr. Dreier for firing.

6   Much of the negative feedback Mr. Vutukuru provided was incorrect and unjustified.  For

7   example, Mr. Vutukuru criticized the pace at which Mr. Dreier progressed his initiatives without

8   having a complete understanding of what the projects entailed.  He frequently changed the

9   goalposts and then criticized Mr. Dreier for not meeting them.  He assigned Mr. Dreier projects

10  that he knew were not well-suited to his background or skillset in an attempt to set him up to fail.

11  He refused to support Mr. Dreier, telling him flat out that he did not want Mr. Dreier coming to

12  him with any questions.

13  17.    In the Q2 performance process—which was Mr. Vutukuru's *very first* quarterly

14  performance feedback session with Mr. Dreier, *i.e.*, well before he had any meaningful

15  opportunity to directly observe Mr. Dreier's performance or to work closely with him—

16  Mr. Vutukuru again declared that Mr. Dreier was "not meeting the performance bar for a P50

17  PM" and that he was expecting a "much higher throughput."  Mr. Vutukuru also slung other

18  performance criticisms, largely focused on Mr. Dreier's purported inablity to bring projects to

19  completion quickly enough.

20  18.    In response, Mr. Dreier expressed his ongoing concerns about discrimination and

21  retaliation, stating, for example: "It would be great if my manager valued my unique expertise

22  and experience with customers, partners and technology.  Everyone on the greater team is

23  different but I am the only one with deep development experience and deep partner and customer

24  enablement/engagement experience.  I would like a box to be successful in, but the box keeps

25  changing."  He again stated his concern that "[s]ince coming back from medical leave, [his] work

26  has been discounted."

27  19.    In their June 2023 meeting to discuss the Q2 performance feedback, Mr. Dreier

28  specifically reiterated to Mr. Vutukuru that he was continuing to go through chemotherapy, that

1  the chemotherapy made him very fatigued at times, and that these health struggles were a

2  significant factor in preventing him from moving his projects along more quickly.  Despite the

3  fact that Mr. Vutukuru was now directly on notice that his purported performance concerns about

4  Mr. Dreier were directly linked to Mr. Dreier's disability and medical condition, there was still

5  no follow up with Mr. Dreier by Mr. Vutukuru or anyone else at Adobe to initiate an interactive

6  process or to discuss potential accommodations.

7    20. Mr. Dreier did escalate the other concerns expressed by Mr. Dreier to Human

8  Resources.  Diana Townsend (Senior Employee Relations Consultant) reached out to Mr. Dreier

9  a few weeks later.  During his first and phone call with Ms. Townsend, Mr. Dreier reported that

10  he had received negative treatment from Mr. Vutukuru due to his medical leave, medical

11  condition and age, among other factors.  In connection with his medical leave and medical

12  condition, Mr. Dreier reported that his management had retaliated aganst him by removing him

13  from the OEM 2.0 project (thereby negatively impacting his performance).  Mr. Dreier also

14  reported that Mr. Vutukuru had engaged in a pattern of discrimination against older men

15  (Mr. Dreier is 59) who had close family members with serious health issues.  Finally, he

16  reiterated to Ms. Townsend that his pacing on projects was impacted by his chemotherapy

17  treatment, further underscoring the need for accommodations and an interactive process.

18    21. In a July 25, 2023 email, Ms. Townsend informed Mr. Dreier that she was

19  conducting an investigation into his concerns.  However, she never attempted to speak to

20  Mr. Dreier again, or to pose any follow-up questions, as part of her purported investigation.  She

21  merely reached out one month later, on August 25, 2023, to indicate that she was "unable to

22  substantiate" retaliation or discrimination.

23    22. One month later, Mr. Vutukuru informed Mr. Dreier that he was being terminated

24  for purported performance reasons.  Strikingly, Mr. Dreier was never given any opportunity to

25  undergo formal performance coaching or a performance improvement plan to address the alleged

26  performance deficiencies—opportunities he is aware other employees have been offered.

27    23. The fact that Mr. Dreier performed successfully at Adobe for more than two

28  decades—receiving accolades of good performance including in the form of compensation

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

increases, bonuses, stock awards and promotions—stands in direct contradiction to the claim that his firing was justified by meaningful performance issues. Moreover, even assuming, for the sake of argument, that Mr. Dreier's performance did suffer following his return from medical leave, his managers were well aware that this stemmed directly from the cancer and chemotherapy. Yet, as far as he can recall, no one approached Mr. Dreier to initiate the interactive process or to discuss reasonable accommodations following his return from medical leave. Instead, the company directly targeted Mr. Dreier in retaliation—removing him from a key project in violation of the FMLA and CFRA and then claiming that the lack of complex work justified his separation. When Mr. Dreier submitted a formal complaint of discrimination and retaliation to HR, he was fired a few short months later without any adequate or meaningful investigation into his report.

## PROCEDURAL ALLEGATIONS

24.     On February 13, 2024, Mr. Dreier filed a complaint against Adobe with the California Civil Rights Division, alleging discrimination based on medical condition, disability, and age, interference and retaliation in violation of the California Family Rights Act, and retaliation in violation of the Fair Employment and Housing Act ("FEHA"). He obtained a "Right to Sue" notice the same day, which was served on counsel for Adobe on March 19, 2024.

## LEGAL CLAIMS

## FIRST CAUSE OF ACTION

**(Interference with FMLA Rights: Violation of 29 U.S.C. § 2615(a)(1))**

25.     Mr. Dreier re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

26.     At all relevant times, Defendant Adobe was subject to the FMLA because it employed at least 50 part-time or full-time employees. Adobe employed at least 50 employees within 75 miles of San Francisco, California office where Mr. Dreier worked.

27.     Mr. Dreier was entitled to FMLA benefits because he worked more than twelve months for Adobe and had at least 1,250 hours of service in the year preceding his need for

1   FMLA leave.  The FMLA requires an employee to grant leave to an employee to care for the

2   employee's own serious health condition. 29 U.S.C § 2601 *et seq.*

3       28.     Defendant Adobe violated the FMLA by failing to return Mr. Dreier to the same

4   position he held when leave commenced or "to an equivalent position with equivalent

5   employment benefits, pay, and other terms and conditions of employment."  [29 U.S.C. §§ 2614,

6   2615(a)(1)]  For example, Mr. Dreier was removed from his role as project lead of a complex and

7   high-visibility project, OEM 2.0, as a direct result of his medical leave.  He was then criticized

8   for not working on sufficiently "complex" projects to justify his senior role, and experienced

9   numerous adverse employment actions—including termination—as a direct result.  For these

10  same reasons, the leave constituted a "negative factor" in an adverse employment decision.

11  [*Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1122, 1125 (9th Cir. 2001)]

12      29.     As a direct, foreseeable, and proximate result of Defendant Adobe's unlawful

13  actions, Mr. Dreier has suffered substantial losses in earnings and other employment benefits, and

14  has incurred other economic losses.

15      30.     As a further direct, foreseeable, and proximate result of Defendant Adobe's

16  unlawful actions, Mr. Dreier has suffered emotional distress, and physical manifestations thereof,

17  all to Mr. Dreier's damage in an amount to be proven at time of trial.

18      31.     Defendant Adobe committed the acts herein in bad faith, with the wrongful

19  intention of injuring Mr. Dreier.  Mr. Dreier is thus entitled to recover liquidated damages.

20      32.     Defendant Adobe committed the acts herein despicably, maliciously, fraudulently,

21  and oppressively, with the wrongful intention of injuring Mr. Dreier, from an improper and evil

22  motive amounting to malice, and in conscious disregard of Mr. Dreier's rights.  Mr. Dreier is thus

23  entitled to recover punitive damages from Defendants in an amount according to proof.

24                          **<u>SECOND CAUSE OF ACTION</u>**

25          **(Retaliation in Violation of FMLA: Violation of 29 U.S.C. § 2615(a)(2))**

26      33.     Mr. Dreier re-alleges and incorporates herein by reference each and every

27  allegation of the preceding paragraphs as though fully set forth herein.

28  ///

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

8

CASE NO. _____

34. At all relevant times, Defendant Adobe was subject to the FMLA because it employed at least 50 part-time or full-time employees. Adobe employed at least 50 employees within 75 miles of San Francisco, California office where Mr. Dreier worked.

35. Mr. Dreier was entitled to FMLA benefits because he worked more than twelve months for Adobe and had at least 1,250 hours of service in the year preceding his need for FMLA leave. The FMLA requires an employee to grant leave to an employee to care for the employee's own serious health condition. 29 U.S.C § 2601 *et seq*.

36. Mr. Dreier opposed employer practices made unlawful by the FMLA when he reported on numerous occasions that he was being retaliated and discriminated against due to his FMLA-protected medical leave. Mr. Dreier reported this to his two direct supervisors in the first half of 2023. He also reported this to Human Resources in or around June 2023. Just a few short months later, Mr. Dreier was terminated.

37. As a direct, foreseeable, and proximate result of Defendant Adobe's unlawful actions, Mr. Dreier has suffered substantial losses in earnings and other employment benefits, and has incurred other economic losses.

38. As a further direct, foreseeable, and proximate result of Defendant Adobe's unlawful actions, Mr. Dreier has suffered emotional distress, and physical manifestations thereof, all to Mr. Dreier's damage in an amount to be proven at time of trial.

39. Defendant Adobe committed the acts herein in bad faith, with the wrongful intention of injuring Mr. Dreier. Mr. Dreier is thus entitled to recover liquidated damages.

40. Defendant Adobe committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Mr. Dreier, from an improper and evil motive amounting to malice, and in conscious disregard of Mr. Dreier's rights. Mr. Dreier is thus entitled to recover punitive damages from Defendants in an amount according to proof.

### THIRD CAUSE OF ACTION

### (CFRA Rights: Violation of Government Code §§ 12945, 12945.2)

41. Mr. Dreier re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

COMPLAINT FOR DAMAGES
CASE NO. _____

42. Defendant Adobe was subject to the provisions of the CFRA because it employed at least five part-time or full-time employees. Adobe employed at least five employees within 75 miles of San Francisco during the relevant time period.

43. Mr. Dreier was entitled to the benefits of the CFRA, because he worked more than twelve months for Adobe and had at least 1,250 hours of service in the year preceding his CFRA leave.

44. The CFRA requires an employer to grant leave to an employee to care for the employee's own serious health condition. The CFRA also requires the employer to reinstate the employee to the same or a comparable job upon completion of the leave.

45. As described above, Mr. Dreier took leave to undergo surgery as part of his treatment for cancer. Adobe violated Government Code sections 12945.2(a) and (q) by failing to reinstate Mr. Dreier to the same or a comparable job upon completion of his leave. CFRA defines a "comparable position" as a position which is "virtually identical to the employee's original position in terms of pay, benefits and working conditions, including privileges, prerequisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility and authority." (29 C.F.R. § 825.215(a).) For example, Adobe stripped Mr. Dreier of his responsibilities leading its OEM 2.0 project and reassigned these responsibilities to a different employee. This change to his role led directly to Mr. Dreier's termination.

46. As a direct, foreseeable, and proximate result of Defendant Adobe's unlawful actions, Mr. Dreier has suffered substantial losses in earnings and other employment benefits, and has incurred other economic losses.

47. As a further direct, foreseeable, and proximate result of Defendant Adobe's unlawful actions, Mr. Dreier has suffered emotional distress, and physical manifestations thereof, all to Mr. Dreier's damage in an amount to be proven at time of trial.

48. Defendant Adobe committed the acts herein in bad faith, with the wrongful intention of injuring Mr. Dreier. Mr. Dreier is thus entitled to recover liquidated damages.

///

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1   49.     Defendant Adobe committed the acts herein despicably, maliciously, fraudulently,

2   and oppressively, with the wrongful intention of injuring Mr. Dreier, from an improper and evil

3   motive amounting to malice, and in conscious disregard of Mr. Dreier's rights.  Mr. Dreier is thus

4   entitled to recover punitive damages from Defendants in an amount according to proof.

5   **FOURTH CAUSE OF ACTION**

6   **(Retaliation in Violation of the CFRA: Violation of Government Code §§ 12945, 12945.2)**

7   50.     Mr. Dreier re-alleges and incorporates herein by reference each and every

8   allegation of the preceding paragraphs as though fully set forth herein.

9   51.     Defendant Adobe was subject to the provisions of the CFRA because it employed

10  at least five part-time or full-time employees.  Adobe employed at least five employees within 75

11  miles of San Francisco during the relevant time period.

12  52.     Mr. Dreier was entitled to the benefits of the CFRA, because he worked more than

13  twelve months for Adobe and had at least 1,250 hours of service in the year preceding his CFRA

14  leave.

15  53.     The CFRA requires an employer to grant leave to an employee to care for the

16  employee's own serious health condition.  Mr. Dreier took leave to undergo surgery as part of his

17  treatment for cancer.

18  54.     Adobe violated Government Code § 12945.2(k) by subjecting Mr. Dreier to

19  numerous adverse employment actions upon his return from his CFRA-protected leave in January

20  2023.  Specifically, Adobe stripped Mr. Dreier of important responsibilities, including his role as

21  project lead of the OEM 2.0 project.  Adobe also subjected Mr. Dreier to unfounded performance

22  criticisms, denied him an equity award in January 2023 (a material change from past years), and

23  ultimately terminated his employment in September 2023.

24  55.     As a direct, foreseeable, and proximate result of Defendant Adobe's unlawful

25  actions, Mr. Dreier has suffered substantial losses in earnings and other employment benefits, and

26  has incurred other economic losses.

27  ///

28  ///

11

56. As a further direct, foreseeable, and proximate result of Defendant Adobe's unlawful actions, Mr. Dreier has suffered emotional distress, humiliation, shame, and embarrassment all to Mr. Dreier's damage in an amount to be proven at time of trial.

57. Defendant Adobe committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Mr. Dreier, from an improper and evil motive amounting to malice, and in conscious disregard of Mr. Dreier's rights. Mr. Dreier is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## FIFTH CAUSE OF ACTION

### (Disability Discrimination: Violation of Government Code § 12940(a))

58. Mr. Dreier re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

59. At all times herein mentioned, California's FEHA, California Government Code §§ 12900, *et seq.*, was in full force and effect and was fully binding upon Adobe. Government Code § 12940(a) prohibits an employer from discharging an employee because of a physical disability or because they are regarded as having a physical disability.

60. Mr. Dreier was a qualified individual with a physical disability. He suffered from cancer and, during the relevant time period, was undergoing treatment for cancer including chemotherapy. Mr. Dreier was otherwise qualified to do his job and had been performing in his role successfully for many years. Adobe discriminated against Mr. Dreier due to his disability—subjecting him to numerous adverse employment actions, including being stripped of his material job responsibilities and, ultimately, termination.

61. As a direct, foreseeable and proximate result of the Adobe's unlawful actions, Mr. Dreier has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses.

62. As a direct, foreseeable, and proximate result of Adobe's unlawful actions, Mr. Dreier has suffered emotional distress, and the physical manifestations thereof, all to the Mr. Dreier's damage in an amount to be proven at the time of trial.

///

COMPLAINT FOR DAMAGES

CASE NO. _____

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

63.     Adobe committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Mr. Dreier, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Mr. Dreier and others.  Mr. Dreier is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## SIXTH CAUSE OF ACTION

**(Medical Condition Discrimination: Violation of Government Code § 12940(a))**

64.     Mr. Dreier re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

65.     At all times herein mentioned, California's FEHA, California Government Code §§ 12900, *et seq.*, was in full force and effect and was fully binding upon Adobe. Government Code § 12940(a) prohibits an employer from discharging an employee because of a medical condition.

66.     Mr. Dreier was a qualified individual with a medical condition.  He suffered from cancer and, during the relevant time period, was also undergoing treatment for cancer including chemotherapy.  Mr. Dreier was otherwise qualified to do his job and had been performing in his role successfully for many years.  Adobe discriminated against Mr. Dreier due to his medical condition, and subjected him to numerous adverse employment actions, including being stripped of his material job responsibilities and, ultimately, termination.

67.     As a direct, foreseeable and proximate result of the Adobe's unlawful actions, Mr. Dreier has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses.

68.     As a direct, foreseeable, and proximate result of Adobe's unlawful actions, Mr. Dreier has suffered emotional distress, and the physical manifestations thereof, all to the Mr. Dreier's damage in an amount to be proven at the time of trial.

69.     Adobe committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Mr. Dreier, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Mr. Dreier and

13

1  others.  Mr. Dreier is thus entitled to recover punitive damages from Defendant in an amount

2  according to proof.

3  **SEVENTH CAUSE OF ACTION**

4  **(Age Discrimination: Violation of Government Code § 12940(a))**

5       70.    Mr. Dreier re-alleges and incorporates herein by reference each and every

6  allegation of the preceding paragraphs as though fully set forth herein.

7       71.    At all times herein mentioned, California's Fair Employment and Housing Act

8  ("FEHA"), Cal. Government Code § 12940 *et seq*., was in full force and effect and fully binding

9  upon Adobe.  Mr. Dreier was a member of a group protected by the statute, in particular section

10  12940(a), prohibiting discrimination in employment based on age.

11       72.    Mr. Dreier's termination from employment by Defendant constitutes

12  discrimination based on age and violated Government Code § 12940(a).

13       73.    As a direct, foreseeable, and proximate result of Adobe's unlawful actions,

14  Mr. Dreier has suffered and continues to suffer substantial losses in earnings and other

15  employment benefits and has incurred other economic losses.

16       74.    As a further direct, foreseeable, and proximate result of Adobe's unlawful actions,

17  Mr. Dreier has suffered emotional distress, and the physical manifestations thereof, all to the

18  Mr. Dreier's damage in an amount to be proven at the time of trial.

19       75.    Adobe committed the acts herein despicably, maliciously, fraudulently, and

20  oppressively, with the wrongful intention of injuring Mr. Dreier, from an improper and evil

21  motive amounting to malice, and in conscious disregard of the rights or safety of Mr. Dreier and

22  others.  Mr. Dreier is thus entitled to recover punitive damages from Adobe in an amount

23  according to proof.

24  **EIGHTH CAUSE OF ACTION**

25  **(Failure to Prevent Discrimination: Violation of Government Code § 12940(k))**

26       76.    Mr. Dreier re-alleges and incorporates herein by reference each and every

27  allegation of the preceding paragraphs as though fully set forth herein.

28  ///

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP

351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

77.     The Fair Employment and Housing Act, Government Code section 12940(a), outlaws discrimination on the basis of disability and medical condition.

78.     Defendant Adobe violated Government Code section12940(k) because it failed to take all reasonable steps necessary to prevent discrimination from occurring.  Among other things, Adobe failed to adequately train and supervise its supervisors to ensure that these supervisors were not violating FEHA in their treatment of employees.  It also failed to take meaningful action regarding Mr. Dreier's reports of discrimination and retaliation.

79.     As a direct, foreseeable, and proximate result of Adobe's unlawful actions, Mr. Dreier has suffered substantial losses in earnings and other employment benefits, and has incurred other economic losses.

80.     As a further direct, foreseeable, and proximate result of Adobe's unlawful actions, Mr. Dreier has suffered emotional distress, and the physical manifestations thereof, all to his damage in an amount to be proven at time of trial.

81.     Adobe committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Mr. Dreier, from an improper and evil motive amounting to malice, and in conscious disregard of Mr. Dreier's rights.  Mr. Dreier is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## NINTH CAUSE OF ACTION

**(Failure to Engage in a Timely Good-Faith Interactive Process in Violation of FEHA: Violation of Government Code § 12940(n))**

82.     Mr. Dreier re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

83.     At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12940 *et seq*., was in full force and effect and fully binding upon Defendant Adobe.  Mr. Dreier was a member of a group protected by that statute in that he was an employee with a known physical disability and medical condition.  Mr. Dreier specifically informed Adobe that his disability was impacting his ability to complete projects at the pace his supervisor expected of him.  Adobe was on notice that Mr. Dreier was in need of reasonable

accommodations due to his disability, yet, it failed to engage in a timely, good faith and continuous interactive process in violation of Government Code § 12940(n).

84.     Adobe violated Government Code § 12940(n) because it failed to engage in a timely, good faith and continuous interactive process to determine effective reasonable accommodations for Mr. Dreier and, instead, terminated him.

85.     As a direct, foreseeable, and proximate result of Adobe's unlawful actions, Mr. Dreier has suffered substantial losses in earnings and other employment benefits, and has incurred other economic losses.

86.     As a further direct, foreseeable, and proximate result of Adobe's unlawful actions, Mr. Dreier has suffered emotional distress, and the physical manifestations thereof, all to his damage in an amount to be proven at time of trial.

87.     Adobe committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Mr. Dreier, from an improper and evil motive amounting to malice, and in conscious disregard of Mr. Dreier's rights.  Mr. Dreier is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## TENTH CAUSE OF ACTION

### (Failure to Provide Reasonable Accommodations: Violation of Government Code § 12940(m))

88.     Mr. Dreier re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

89.     At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Government Code § 12940 *et seq*., was in full force and effect and fully binding upon Defendant.  Mr. Dreier was a member of a group protected by that statute because he was a qualified individual with a known physical disability and medical condition.

90.     Defendant Adobe violated Government Code § 12940(m) because Defendant failed to make a reasonable accommodation for Mr. Dreier's disability and terminated him instead.

///

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

91.     As a direct, foreseeable, and proximate result of Adobe's unlawful actions, Mr. Dreier has suffered substantial losses in earnings and other employment benefits, and has incurred other economic losses.

92.     As a further direct, foreseeable, and proximate result of Adobe's unlawful actions, Mr. Dreier has suffered emotional distress, and the physical manifestations thereof, all to his damage in an amount to be proven at time of trial.

93.     Adobe committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Mr. Dreier, from an improper and evil motive amounting to malice, and in conscious disregard of Mr. Dreier's rights.  Mr. Dreier is thus entitled to recover punitive damages from Defendant in an amount according to proof.

**TWELFTH CAUSE OF ACTION**

**(Retaliation in Violation of California Government Code § 12940(h))**

94.     Mr. Dreier re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

95.     At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Gov't Code §§ 12900, *et seq*., was in full force and effect and was fully binding upon Defendant.  Specifically, § 12940(h) makes it an unlawful employment practice for an employer to discriminate against any person because the person has opposed any practices forbidden under this part.

96.     Mr. Dreier opposed the discriminatory conduct of his supervisors, including by reporting discrimination and retaliation several different times.  In response to these reports, Adobe retaliated against Mr. Dreier as detailed above.

97.     As a direct, foreseeable, and proximate result of Adobe's unlawful actions, Mr. Dreier has suffered substantial losses in earnings and other employment benefits, and has incurred other economic losses.

98.     As a further direct, foreseeable, and proximate result of Adobe's unlawful actions, Mr. Dreier has suffered emotional distress, and the physical manifestations thereof, all to his damage in an amount to be proven at time of trial.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

99.     Adobe committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Mr. Dreier, from an improper and evil motive amounting to malice, and in conscious disregard of Mr. Dreier's rights.  Mr. Dreier is thus entitled to recover punitive damages from Defendant in an amount according to proof.

**THIRTEENTH CAUSE OF ACTION**

**(Retaliation in Violation of California Labor Code § 1102.5)**

100.     Mr. Dreier re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

101.     At all times herein mentioned, the California Labor Code was in full force and effect and was fully binding upon Defendant.  Specifically, Labor Code § 1102.5 makes it an unlawful employment practice for an employer to retaliate against any employee because the employee has disclosed information they have reasonable cause to believe amounts to a violation of an applicable statute or regulation.

102.     Mr. Dreier engaged in activity protected under Labor Code § 1102.5 by reporting discrimination and retaliation several different times.  This protected activity was a contributing factor in adverse employment actions Adobe took against Mr. Dreier, including his termination.

103.     As a direct, foreseeable, and proximate result of Adobe's unlawful actions, Mr. Dreier has suffered substantial losses in earnings and other employment benefits, and has incurred other economic losses.

104.     As a further direct, foreseeable, and proximate result of Adobe's unlawful actions, Mr. Dreier has suffered emotional distress, and the physical manifestations thereof, all to his damage in an amount to be proven at time of trial.

105.     Adobe committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Mr. Dreier, from an improper and evil motive amounting to malice, and in conscious disregard of Mr. Dreier's rights.  Mr. Dreier is thus entitled to recover punitive damages from Defendant in an amount according to proof.

///

///

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

**FOURTEENTH CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy)**

106.    Mr. Dreier re-alleges and incorporates herein by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

107.    Adobe's termination of Mr. Dreier's employment violated the fundamental public policies of the State of California that employers shall not discriminate on the basis of disability, medical condition and/or age under the FEHA, Government Code §§ 12900, *et seq*. Adobe's termination of Mr. Dreier's employment further violated the fundamental public policy of the State of California prohibiting an employer from interfering with or retaliating against an employee for exercising his rights under the CFRA and the FMLA, and for engaging in activity protected by law.

108.    As a direct, foreseeable, and proximate result of Adobe's unlawful actions, Mr. Dreier has suffered substantial losses in earnings and other employment benefits, and has incurred other economic losses.

109.    As a further direct, foreseeable, and proximate result of Adobe's unlawful actions, Mr. Dreier has suffered emotional distress, and the physical manifestations thereof, all to his damage in an amount to be proven at time of trial.

110.    Adobe committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Mr. Dreier, from an improper and evil motive amounting to malice, and in conscious disregard of Mr. Dreier's rights.  Mr. Dreier is thus entitled to recover punitive damages from Defendant in an amount according to proof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Scott Dreier, prays for judgment against Defendant Adobe as follows:

1.    For compensatory damages, including but not limited to, lost back pay, plus interest, lost benefits, future lost earnings and benefits, the value of Mr. Dreier's lost equity, and damages for emotional distress and pain and suffering, according to proof allowed by law;

///

COMPLAINT FOR DAMAGES
CASE NO. _____

2.      For all civil penalties and liquidated damages allowed by law;

3.      For liquidated damages and punitive damages allowed by law;

4.      For an injunction against Adobe prohibiting it from future acts of discrimination and retaliation;

5.      For liquidated damages and punitive damages allowed by law;

6.      For an award to Mr. Dreier of costs of suit incurred herein and reasonable attorney's fees;

7.      For an award of prejudgment and post-judgment interest; and,

8.      For such further legal and equitable relief as the Court deems just and proper.

DATED:  March 19, 2024                    Respectfully submitted,

RUDY, EXELROD, ZIEFF & LOWE, LLP

By: _____

ERIN M. PULASKI
MEGHAN F. LOISEL
*Attorneys for Plaintiff Scott Dreier*

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury.

DATED:  March 19, 2024                    Respectfully submitted,

RUDY, EXELROD, ZIEFF & LOWE, LLP

By: _____

ERIN M. PULASKI
MEGHAN F. LOISEL
*Attorneys for Plaintiff Scott Dreier*

COMPLAINT FOR DAMAGES
CASE NO. _____

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ADOBE, INC., and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SCOTT DREIER

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

  You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court

400 McAllister Street, San Francisco, CA 94102

**CASE NUMBER:**
*(Número del Caso):*
**CGC-24-613235**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Erin M. Pulaski, Rudy, Exelrod, Zieff & Lowe, LLP, 351 California St., Ste 700, San Francisco, CA 94104; (415) 434-9800

DATE:
*(Fecha)* **03/20/2024**

Clerk, by
*(Secretario)* _____ **JAMES FORONDA** _____ , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**  **AUG 21, 2024**

**TIME:**  **10:30 am**

**PLACE:**  **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

---

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

**POS-015**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: <br> NAME: Erin M. Pulaski (SBN 270998); Meghan F. Loisel (SBN 291400) <br> FIRM NAME: Rudy, Exelrod, Zieff & Lowe, L.L.P. <br> STREET ADDRESS: 351 California Street, Suite 700 <br> CITY: San Francisco   STATE: CA   ZIP CODE: 94104 <br> TELEPHONE NO.: (415) 434-9800   FAX NO.: (415) 434-0513 <br> E-MAIL ADDRESS: emp@rezlaw.com; mfl@rezlaw.com <br> ATTORNEY FOR (Name): Plaintiff Scott Dreier | | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO |
| STREET ADDRESS: 400 McAllister Street |
| MAILING ADDRESS: 400 McAllister Street |
| CITY AND ZIP CODE: San Francisco, CA 94102 |
| BRANCH NAME: Civic Center Courthouse |

| |
|---|
| Plaintiff/Petitioner: SCOTT DREIER |
| Defendant/Respondent: ADOBE, iNC. and DOES 1-20 inclusive |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: <br> CGC-24-613235 |

TO (insert name of party being served): ADOBE, INC.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 3/21/24 (via email)

_____      ► _____
Erin M. Pulaski
(TYPE OR PRINT NAME)          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

   Civil Case Cover Sheet, Notice to Plaintiff and San Francisco Superior Court ADR Information Sheet

(To be completed by recipient):

Date this form is signed: _____ April 10, 2024 _____

_____      ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,      (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov |

**PROOF OF SERVICE
BY ELECTRONIC TRANSMISSION**

*Adobe, Inc. v. Scott Dreier*
San Francisco Superior Court Action No. CGC-24-613235

I am over eighteen years of age and not a party to this action.  I am employed in the City and County of San Francisco, State of California.  My business address is Three Embarcadero Center, Tenth Floor, San Francisco, California 94111.

On April 10, 2024, I served a true copy of the following document(s) described as:

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT-CIVIL**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on agreement of the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from the email address jill.hernandez@arnoldporter.com to the persons at the email addresses listed in the attached Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Erin M. Pulaski
emp@rezlaw.com
Meghan F. Loisel
mfl@rezlaw.com
Rudy, Exelrod, Zieff & Lowe, L.L.P.
351 California Street, Suite 700
San Francisco, CA 94104

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 10, 2024, at San Francisco, California.

Signature: _____
Jill Hernandez

David J. Reis (No. 155782)
david.reis@arnoldporter.com
Kaitlin A. Robinson (No. 326681)
kaitlin.robinson@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:  415.471.3100
Facsimile:  415.471.3400

Attorneys for Defendant
ADOBE INC.

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**05/08/2024**
**Clerk of the Court**
**BY: JEFFREY FLORES**
**Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SCOTT DREIER,<br><br>             Plaintiff,<br><br>      v.<br><br>ADOBE, INC, and DOES 1-20,<br>inclusive,<br><br>             Defendants. | Case No. CGC24613235<br><br>**DEFENDANT ADOBE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF SCOTT DREIER'S COMPLAINT FOR DAMAGES**<br><br>Action Filed:  March 19, 2024 |

Defendant Adobe Inc. ("Defendant"), by and through its undersigned counsel and for itself alone and no other defendant hereby answers the unverified Complaint for Damages ("Complaint") of Plaintiff Scott Dreier ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant hereby generally denies each and every allegation in the Complaint against it, and further denies that, by reason of any act or omission by Defendant, Plaintiff has been injured or damaged in any sum, or is entitled to any relief from or against Defendant.

## AFFIRMATIVE DEFENSES

Defendant further alleges on information and belief the following affirmative defenses to the Complaint.  By setting forth these defenses, Defendant does not agree or concede that it has the burden of proof, persuasion, or production as to any element of these defenses.  Moreover, nothing stated in any of these affirmative defenses is intended to or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations. Defendant further states that it may have additional defenses, and reserves the right to assert additional affirmative defenses in the event discovery indicates that such defenses are appropriate.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

Plaintiff's claims are barred, in whole or in part, because the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Administrative Prerequisites)

Plaintiff's causes of action are barred, in whole or in part, because Plaintiff failed to satisfy and exhaust the administrative prerequisites for bringing such claims under the California Fair Employment and Housing Act, Government Code sections 12900 *et seq.* ("FEHA").

**THIRD AFFIRMATIVE DEFENSE**

**(Reasonable Care; Maintenance of Policy)**

Plaintiff's causes of action are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory behavior, and Defendant maintained anti-discrimination and anti-retaliation policies that Plaintiff failed to utilize.

**FOURTH AFFIRMATIVE DEFENSE**

**(Business Realities; Legitimate Nondiscriminatory and Nonretaliatory Reasons)**

Plaintiff's causes of action are barred, in whole or in part, because Defendant's actions toward Plaintiff were justified and protected by business realities, necessities, and legitimate business considerations, and Defendant had legitimate nondiscriminatory and nonretaliatory reasons for each and every one of the actions taken toward Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

**(Defendant Would Have Taken Same Action or Made Same Decision)**

Plaintiff's claims are barred, in whole or in part, because even if Plaintiff could prove that discrimination or retaliation was a motivating or contributing factor for any employment action where other factors also motivated the action, although such is not herein or hereby admitted and is specifically denied, Defendant asserts that it would have taken the same action in the absence of the impermissible motivating or contributing factors.

**SIXTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

The Complaint, and each cause of action contained therein, is barred in whole or in part, because at all times any act or omission on the part of Defendant was in good faith, and Defendant had reasonable grounds for believing that the act or omission did not violate any federal or state laws.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Protected Activity)**

Plaintiff's claim for retaliation is barred because Plaintiff did not engage in any protected activity within the meaning of the FMLA, CFRA, FEHA, or California Labor Code § 1102.5.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Beyond Scope of Protected Activity)**

To the extent that any of Plaintiff's statements or conduct could be construed as engaging in protected activity, Plaintiff's statements or conduct were unreasonable in nature or beyond the scope of protected activity and therefore Plaintiff did not have protected status.

**NINTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

To the extent that Plaintiff is entitled to any remedy, all or a portion of such remedy is barred by after-acquired evidence.

**TENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

Plaintiff's requests for damages are barred, or the relief sought limited, by the doctrine of avoidable consequences.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, under the equitable doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff's claims are barred, in whole or in part, by reason of each of his own actions and course of conduct.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Unreasonable, Speculative, or Uncertain Damages)**

Plaintiff's requests for damages are barred, or the relief sought limited, because Plaintiff's claims for damages are unreasonable, speculative, and uncertain.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

To the extent that Plaintiff has experienced any actionable loss of compensation or other damages, Plaintiff has failed to mitigate, reduce, or avoid his damages, barring all or a portion of any recovery.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

The Complaint does not state facts sufficient to enable Plaintiff to recover punitive or exemplary damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Oppressive, Fraudulent, or Malicious Conduct)**

Defendant cannot be held liable for punitive or exemplary damages, because neither Defendant nor any of Defendant's officers, directors, or managing agents committed any oppressive, fraudulent, or malicious act, authorized or ratified such an act, or had advanced knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such an act, or employed any such employee or employees with a conscious disregard for the rights or safety of others. *See* Cal. Civ. Code § 3294.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Unconstitutional Punitive Damages)**

Plaintiff's causes of action seeking punitive or exemplary damages are barred, in whole or in part, because any award of punitive or exemplary damages would violate Defendant's constitutional rights under the provisions of the United States and California Constitutions, including, but not limited to, the Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution, and Article I, Section 7 of the California Constitution, because, among other things,

1    (1) an award of punitive or exemplary damages would be grossly out of proportion to the alleged

2    wrongful conduct and purported injury at issue here; (2) the alleged wrongful conduct at issue here

3    is not sufficiently reprehensible to warrant the imposition of any punitive or exemplary damages;

4    and (3) the criteria for the imposition of punitive or exemplary damages are unconstitutionally vague

5    and uncertain, and fail to provide fair notice of what conduct will result in the imposition of such

6    damages.

7                          **EIGHTEENTH AFFIRMATIVE DEFENSE**

8                                **(No Attorneys' Fees)**

9         Plaintiff is not entitled to attorneys' fees under California Government Code section 12965

10   or on any other basis.

11                         **NINETEENTH AFFIRMATIVE DEFENSE**

12                              **(Claims are Frivolous)**

13        Plaintiff's claims and causes of action are frivolous, unreasonable, or groundless and,

14   accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

15                               **PRAYER FOR RELIEF**

16        WHEREFORE, Defendant prays for judgment as follows:

17        1.      That Plaintiff take nothing by way of his Complaint;

18        2.      That the Complaint, and each and every purported claim for relief therein, be

19   dismissed with prejudice;

20        3.      That Defendant recover its costs of suit, including reasonable attorneys' fees and

21   expenses; and

22        4.      For such other and further relief as the Court deems just and proper.

23

24   Dated:  May 8, 2024              ARNOLD & PORTER KAYE SCHOLER LLP

25

26                                   By: _____
                                         David J. Reis
27
                                         Attorneys for Defendant
28                                       ADOBE INC.

ANSWER TO COMPLAINT                                    Case No. CGC24613235

**PROOF OF SERVICE
BY ELECTRONIC TRANSMISSION**

*Adobe, Inc. v. Scott Dreier*
San Francisco Superior Court Action No. CGC-24-613235

I am over eighteen years of age and not a party to this action.  I am employed in the City and County of San Francisco, State of California.  My business address is Three Embarcadero Center, Tenth Floor, San Francisco, California 94111.

On May 8, 2024, I served a true copy of the following document(s) described as:

**DEFENDANT ADOBE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF SCOTT DREIER'S COMPLAINT FOR DAMAGES**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on agreement of the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from the email address jill.hernandez@arnoldporter.com to the persons at the email addresses listed in the attached Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Erin M. Pulaski
emp@rezlaw.com
Meghan F. Loisel
mfl@rezlaw.com
Kristina M. Clark
kc@rezlaw.com
Elena J. McAllister
em@rezlaw.com
Rudy, Exelrod, Zieff & Lowe, L.L.P.
351 California Street, Suite 700
San Francisco, CA 94104

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 8, 2024, at San Francisco, California.

Signature: _____
Jill Hernandez